UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PRESTON WEATHERSPOON, JR.**                                             **CIVIL ACTION**

**VERSUS**                                                                **NO. 19-12888**

**LOUISIANA DEPARTMENT OF**                                               **SECTION "D"(4)**
**PUBLIC SAFETY AND**
**CORRECTIONS, ET AL.**

**REPORT AND RECOMMENDATION**

The *pro se* plaintiff, Preston Weatherspoon, Jr. ("Weatherspoon"), is incarcerated in the Plaquemines Parish Correctional Center in Point-a-la-Hache, Louisiana.  The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 against the defendants, the Louisiana Department of Public Safety and Corrections ("DOC"), the Raymond Laborde Correctional Center ("RLCC"), RLCC Warden W.S. McCain, Lt. Mike Dufour, and Major Juneau.[1]  The plaintiff alleges that he was exposed to a gas smell while housed in RLCC, and he was not allowed to exit the jail or make sick call.  As a result of his attempts, he was given a disciplinary violation and locked in his cell for four days.  He seeks monetary compensation for the danger to his life.

The plaintiff also submitted an application to proceed *in forma pauperis*.[2]  Because the Court recommends the transfer of this case, ruling on the pauper application is deferred to the receiving Court.

**I.    Venue Provisions**

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391.  *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972),

---

[1] Rec. Doc. No. 4.

[2] Rec. Doc. No. 5.  The Court will defer ruling on the pauper status to the receiving court.

*aff'd*, 480 F.2d 805 (5th Cir. 1973).  The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, if such transfer is in the interest of justice.  *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).

## II.   Discussion

The plaintiff claims that his cause of action arose in the RLCC and the named defendants are employed at the RLCC, which is in Cottonport, Louisiana, Avoyelles Parish, within the geographical boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c).  The DOC, which would not be a proper defendant and would be immune from suit under the Eleventh Amendment, nevertheless is headquartered in Baton Rouge, Louisiana in East Baton Rouge Parish within the Middle District of Louisiana.  28 U.S.C. § 98(b).  The plaintiff does not allege any discernable connection between his allegations, the defendants, and this district.  The fact that he is now confined in this district is not relevant to the venue determination. The interests of justice dictate that venue is proper in the Western District of Louisiana.

## III.   Recommendation

It is therefore **RECOMMENDED** that this civil action be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

    New Orleans, Louisiana, this 18th day of November, 2019.

                                **KAREN WELLS ROBY**
                         **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.